Kumala Hartati DJOJOSOETIKNO; Matius Handoko Hartono; Amelia Permatasari Hartono; Steven Hartono; Eric Kurniawan Hartono; Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–73629.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Kumala Hartati Djojosetikno, Los Angeles, CA, pro se.

Matius Handoko Hartono, Los Angeles, CA, pro se.

Amelia Permatasari Hartono, Los Angeles, CA, pro se.

Steven Hartono, Los Angeles, CA, pro se.

Eric Kurniawan Hartono, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Hillel Smith, Anthony W. Norwood, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

### MEMORANDUM [**]

Lead petitioner Kumala Hartati Djojosoetikno, her husband and three children, natives and citizens of Indonesia, petition pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") denial of their applications for asylum and withholding of removal.

We lack jurisdiction to review the determination that Djojosoetikno failed to file her asylum application within one year of entering the United States. *See* 8 U.S.C. § 1158(a)(3); *Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001). We also lack jurisdiction to review the BIA's determination that no "extraordinary circumstances" excused Djojosoetikno's untimely asylum application. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002).

Under 8 U.S.C. § 1252, we have jurisdiction to review the BIA's denial of withholding of removal, and we review for substantial evidence. *Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997). We deny the petition.

Substantial evidence supports the denial of withholding of removal because Djojosoetikno failed to demonstrate that it is more likely than not that she would be subject to persecution if removed to Indonesia. *See Hakeem,* 273 F.3d at 816–17. Although unfortunate, the events, including being taunted and having her business stoned, do not compel a finding of past persecution, *see, e.g., Singh v. INS,* 134 F.3d 962, 968–69 (9th Cir.1998) (holding that the facts did not compel a finding of persecution when rocks were thrown at petitioner's home, her property was damaged and her home was burglarized), or eligibility for withholding of removal, *see, e.g., Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003) (holding that insults, harassment, death threats and a beating did not compel eligibility for withholding of removal).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.